# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KRYSTAL WILLIAMS,

              Plaintiff,

vs.

HARMON MEDICAL REHABILITATION,

              Defendant.

Case No. 2:13-cv-02332-RCJ-NJK

**ORDER**

Application to Proceed *In Forma Pauperis* (Docket No. 1)

Plaintiff Krystal Williams is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Docket No. 1) on December 23, 2013.  This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment*.  See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . . .

. . . .

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A.     Background

Plaintiff alleges "employment discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991." Docket No. 1-1, at 1. *See* 42 U.S.C. § 2000e et seq. Plaintiff does not, however, make any factual allegations whatsoever in her Complaint.

### B.     Legal Analysis

Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted both state and Equal Employment Opportunity Commission (EEOC) administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id*. If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494

1   U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).  Here, Plaintiff has attached a right to sue letter
2   from the EEOC.  Thus, it appears Plaintiff has exhausted her administrative remedies.
3   　　　In order to prove a *prima facie* case of discrimination in violation of Title VII, Plaintiff must
4   establish: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to
5   an adverse employment action; and (d) similarly situated employees not in her protected class received
6   more favorable treatment.  *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (*citing Kang v. U. Lim Am.,*
7   *Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).  *See* 42 U.S.C. § 2000e-3(e).
8   　　　The Supreme Court has divided sexual harassment cases into two categories, the *quid pro quo* or
9   "tangible employment action" category, and the hostile work environment category. *Burlington Indus., Inc.*
10  *v. Ellerth*, 524 U.S. 742, 760-65 (1998).  To state a claim under a *quid pro quo* theory, Plaintiff must show
11  that her supervisor "explicitly or implicitly condition[ed] a job, a job benefit, or the absence of a job
12  detriment, upon her acceptance of sexual conduct." *Nichols v. Frank*, 42 F.3d 503, 511 (9th Cir. 1994).
13  To make a prima facie case of a hostile work environment, Plaintiff must establish (1) she was subjected
14  to verbal or physical conduct of a sexual nature; (2) this conduct was unwelcome; and (3) the conduct was
15  sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive
16  working environment.  *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007) (internal
17  quotations omitted).  In additional, the "working environment must both subjectively and objectively be
18  perceived as abusive.  *Id*.  Objective hostility is determined "by examining the totality of the circumstances
19  and whether a reasonable person with the same characteristics as the victim would perceive the workplace
20  as hostile."  *Id*.  Finally, to find a violation of Title VII, the "conduct must be extreme to amount to a
21  change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 742, 788
22  (1998).
23  　　　Here, Plaintiff has failed to allege any facts whatsoever in her Complaint; therefore, the Court
24  cannot determine at this point whether Plaintiff has stated a claim for discrimination or sexual harassment
25  under Title VII.
26  . . . .
27  . . . .
28  . . . .

3

1  Accordingly and for good cause shown,

2  **IT IS ORDERED** that Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED**, with leave to amend.  Plaintiff will have until **January 27, 2014**, to file an Amended Complaint, if Plaintiff believes she can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete.  This is because, as a general rule, an Amended Complaint supersedes the original Complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 26th day of December, 2013.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE