# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KRYSTAL WILLIAMS, )
)
        Plaintiff, )
)   2:13-cv-02332-RCJ-NJK
vs. )
)
HARMON MEDICAL REHABILITATION, )   **ORDER**
)
        Defendant. )
)

      Pending before the Court is an Amended Complaint ("AC") for screening under 28 U.S.C. § 1915. For the reasons given herein, the Court will permit the AC to proceed.

## I.    FACTS AND PROCEDURAL HISTORY

      Plaintiff Krystal Williams was employed by Defendant Harmon Medical Rehabilitation in September 2011. (Am. Compl. 4, ECF No. 5). Her direct supervisor, non-party Tommy Anderson continuously harassed Plaintiff with requests for sex and oral sex, threatening Plaintiff with a "write up" or termination when she refused. (*Id.*). Plaintiff reported the situation to Julie in the human resources department, but Julie told Plaintiff now law had been violated, and nothing was done to rectify the situation. (*Id.*). Anderson continued to solicit sex and oral sex. When Plaintiff reported the repeated harassment, she was suspended the following day for "insubordination and not following company rules" and was later terminated. (*Id.*).

      Plaintiff filed a charge of discrimination with the EEOC, but the EEOC declined to pursue the case, instead issuing a right-to-sue letter on September 25, 2013. (*See id.* 4–5; Letter, ECF No. 1-1, at 3). Exactly ninety days later, Plaintiff filed the Complaint in this Court *in pro*

*se*, alleging sexual harassment under Title VII of the Civil Rights Act of 1964. (*See* Compl. 1–2, ECF No. 1-1, at 1). The Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis*. However, the Complaint did not allege the facts giving rise to the claim, and the charge of discrimination incorporated by reference was not attached to the Complaint, so the Magistrate Judge dismissed with leave to amend under 28 U.S.C. § 1915(e). (*See* Order, ECF No. 3). Plaintiff filed the AC, and the Court hereby screens it under § 1915(e).

## II.     LEGAL STANDARDS

Federal courts must conduct a preliminary screening under 28 U.S.C. § 1915(e) in any case in which a Plaintiff seeks to proceed *in forma pauperis*. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). In its review, a court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Whenever a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The Prison Litigation Reform Act did not institute a no-amendment rule for screenings under §§ 1915 and 1915A. *See Lopez*, 203 F.3d at 1127–30.

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair

notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

1  III.   ANALYSIS

2       A plaintiff may state a claim of "quid pro quo" sexual harassment against a supervisor
3  under Title VII by alleging that the person had supervisory authority over her and conditioned an
4  employment benefit upon a sexual favor. *See Nichols v. Frank*, 42 F.3d 503, 511 (9th Cir. 1994).
5  Where no adverse employment action has been taken, a claim against an employer for vicarious
6  liability is subject to an affirmative defense that the employer exercised reasonable care to
7  prevent and promptly correct the behavior and that the plaintiff unreasonably failed to take
8  advantage of any corrective opportunities presented. *Burrell v. Star Nursery, Inc.*, 170 F.3d 951,
9  955 (9th Cir. 1999) (citing *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. Boca*
10 *Raton*, 524 U.S. 775 (1998)).  Where the alleged harasser has supervisory authority over the
11 plaintiff and a tangible employment action has been taken, there is a presumption of vicarious
12 liability that cannot be overcome. *Id.* at 956.  Because Plaintiff alleges that Anderson conditioned
13 Plaintiff's continued employment on the performance of sexual favors, and because Plaintiff
14 alleges she was suspended and terminated for refusing, she has made out a prima facie case of
15 quid pro quo sexual harassment by Anderson for which Defendant is vicariously liable.  Because
16 Plaintiff alleges adverse employment actions, the Court need not consider whether, according to
17 the allegations, Defendant acted reasonably in attempting to correct the situation or if Plaintiff
18 acted unreasonably in rejecting those opportunities.  That defense will not be available unless
19 there is a genuine issue of material fact at the summary judgment stage as to whether Anderson
20 was in fact Plaintiff's supervisor or whether Plaintiff was in fact subjected to an adverse
21 employment action.
22 ///
23 ///
24 ///
25 ///

## CONCLUSION

IT IS HEREBY ORDERED that the Amended Complaint (ECF No. 5) may PROCEED.

IT IS FURTHER ORDERED that the Clerk shall file the Amended Complaint, issue a Summons to Defendant, and deliver the Summons and Amended Complaint to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for the defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon Defendant's attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendant. The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

IT IS SO ORDERED.

Dated this 16th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge