## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KRYSTAL WILLIAMS,                )<br>                                                  )<br>                    Plaintiff(s),         )<br>                                                  )<br>vs.                                            )<br>                                                  )<br>HARMON MEDICAL REHABILITATION, )<br>                                                  )<br>                    Defendant(s).     )<br>_____) | Case No. 2:13-cv-02332-RCJ-NJK<br><br>ORDER<br><br>(Docket No. 15) |

On March 31, 2015, the Court ordered Plaintiff Krystal Williams to show cause in writing, no later than April 7, 2015, why she should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f). Docket No. 15. Plaintiff failed to respond to the order to show cause. *See* Docket. The Court finds this matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court hereby **SANCTIONS** Plaintiff as follows.

### I. BACKGROUND

Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. On March 12, 2015, Defendant filed a proposed discovery plan and scheduling order. Docket No. 11. Defense counsel represented that they attempted to confer with *pro se* Plaintiff Krystal Williams, but that Plaintiff failed to participate in or schedule the Fed. R. Civ. P. 26(f) conference. *Id.*, at 1-2. On March 13, 2015, the Court denied without prejudice Defendant's proposed scheduling order and ordered all parties to engage in a Fed. R. Civ. P. 26(f) conference and submit a stipulated discovery plan no later than March 27, 2015. Docket No. 12. The Court further ordered Plaintiff to make herself available for the Fed. R. Civ. P. 26(f) conference. *Id.*

. . .

On March 27, 2015, Defendant filed a second proposed discovery plan and scheduling order. Docket No. 13. Defendant represented that "despite Defendant's continual efforts to contact Plaintiff, Defendant has been unable to participate in a Rule 26(f) conference." *Id.*, at 1. Defendant's counsel represented that she attempted to call Plaintiff a total of eight times, and that Plaintiff either immediately hung up or did not answer the telephone. *Id.*, at 7-8. On March 31, 2015, the Court issued the pending order to show cause why Plaintiff should not be sanctioned for failing to comply with the Court's orders. Docket No. 15. Plaintiff's response to that order to show cause was due no later than April 7, 2015. *See id.* Plaintiff failed to respond. *See* Docket.

**II. STANDARDS**

Parties and attorneys are required to follow Court orders. Rule 16(f)[1] requires parties and attorneys to comply with pretrial orders and provides that a judge may order appropriate sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii), for non-compliance. Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobey a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is unintentional). Rule 16(f) "was designed not only to insure the expeditious and sound management of cases for trial, but to deter conduct that unnecessarily consumes 'the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures.'" *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridan Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)).

Similar to Federal Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on . . . [a] party appearing *pro se* who, without just cause . . . [f]ails to comply with any order of this Court." Local Rule IA 4–1.

**III. ANALYSIS**

It is undisputed that Plaintiff violated two Court orders. She violated the Court's March 13, 2015, order to make herself available for the Fed. R. Civ. P. 26(f) conference. Docket No. 12. Plaintiff

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

further violated the Court's Order of March 31, 2015, to show cause by not responding or requesting an extension of time in which to respond. *See* Docket. The Court's order to show cause advised Plaintiff that failure to timely comply with the Court's Orders may result in "case-dispositive sanctions." Docket No. 12. In light of the failure to respond to the order to show cause, it appears that there is no justification for these shortcomings and that sanctions are warranted.

This Court's Orders were clear. Plaintiff's failure to abide by the Court's Orders has disrupted this Court's management of its docket and resulted in additional expense in the administration of this case. *See Sanders v. Union Pacific Railroad Co.,* 154 F.3d 1037, 1041 (9th Cir.1998) ( "In our continuing efforts to achieve justice for individual litigants, we must not allow the flagrant disobedience of judges' orders to bring about further delay and expense"). Moreover, sanctions are appropriate as a means of deterring neglect of Rule 16 obligations. *See Media Duplication Services v. HDG Software,* 928 F.2d 1228, 1242 (1st Cir.1991) ("We have no hesitation in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16] obligation"). The Court finds that Plaintiff should be sanctioned in the amount of $50 for her failure to comply with the Court's Orders. Payment by Plaintiff in the amount of $50 shall be made, no later than May 12, 2015, as a court fine to the "Clerk, U.S. District Court." Plaintiff shall file proof of payment within five days of payment.

The Court expects strict compliance with all Court orders, as well as the Local Rules, in the future. The Court again cautions Plaintiff that failure to do so may result in significant sanctions, up to and including case-dispositive sanctions.

## IV. CONCLUSION

Based on the foregoing, and good cause appearing therefore, the Court hereby **SANCTIONS** Plaintiff in the amount of $50, pursuant to Federal Rule 16(f) and Local Rule IA 4–1.

IT IS SO ORDERED.

DATED: April 21, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge