1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KRYSTAL WILLIAMS,<br><br>        Plaintiff(s),<br><br>vs.<br><br>HARMON MEDICAL REHABILITATION,<br><br>        Defendant(s). | Case No. 2:13-cv-02332-RCJ-NJK<br><br>ORDER DENYING MOTION<br>TO COMPEL<br><br>(Docket No. 25) |

Pending before the Court is Defendant's motion to compel production and request for sanctions. Docket No. 25. The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, Defendant's motion to compel (Docket No. 25) is hereby **DENIED** without prejudice.

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the non-responsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

. . .

. . .

1    The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996). This obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shuffle Master*, 170 F.R.D. at 170.

The Court has reviewed the pending certification of counsel. Docket No. 25-1, Herrera Decl. at ¶¶ 4-8. It appears from the certification that the parties have solely consulted with each other via letter, which is not sufficient to satisfy the "personal consultation" requirement. *See Shuffle Master*, 170 F.R.D. at 172 (exchange of letters does not satisfy meet and confer requirements). The movant, therefore, has not certified that the parties engaged in an adequate meet and confer for the purpose of this motion.

Additionally, Defendant's motion does not comply with Local Rule 26-7(a). Pursuant to Local Rule 26-7(a), "[a]ll motions to compel discovery or for protective order shall set forth in full text the discovery originally sought and response thereto, if any." Generally, simply attaching the propounded discovery and responses as exhibits is insufficient to satisfy the requirements of Local Rule 26–7(a). *See Argarwal v. Oregon Mut. Ins. Co.*, 2013 WL 211093 (D. Nev. Jan. 18, 2013) (denying a motion to compel for failure to comply with procedural requirements including those in

1   LR 26–7(a)). *But see U–Haul Co. of Nevada, Inc. v. Gregory J. Kamer, Ltd.*, 2013 WL 1249706 (D.
2   Nev. March 26, 2013) (acknowledging the failure to comply with LR 26–7(a), but exercising its
3   discretion to address the motion). Here, Defendant not only fails to set forth in full text its discovery
4   requests, but it fails to even attach the propounded discovery requests to its motion.

5         Furthermore, Defendant fails to make the minimum showing that the discovery requests
6   appear reasonably calculated to lead to the discovery of admissible evidence. Pursuant to Local Rule
7   7-2(d), "[t]he failure of a moving party to file points and authorities in support of the motion shall
8   constitute a consent to the denial of that motion." In the context of a motion to compel, the moving
9   party must show, at a minimum, "that the discovery request seeks . . . nonprivileged information that
10  is relevant to any party's claim or defense." *Eruchalu v. U.S. Bank, Nat. Ass'n*, 2014 WL 4546800,
11  at *1 (D. Nev. Sept. 12, 2014). It is clear that Defendant's arguments are not meaningfully
12  developed. Defendant's motion is only three pages in length, and the section entitled "Legal
13  Argument" consists of merely two paragraphs of argument relating to Plaintiff's failure to timely
14  respond to the discovery requests. Docket No. 25 at 2-3.

15        Based on the foregoing,

16        **IT IS HEREBY ORDERED** that the Defendant's motion to compel (Docket No. 25) is
17  **DENIED** without prejudice.

18        **IT IS FURTHER ORDERED** that the parties shall meet and confer in a sincere effort to
19  resolve the discovery dispute pursuant to Local Rule 26-7(b) no later than <u>August 3, 2015</u>. If, after
20  the meet and confer, Defendant still believes that discovery responses are incomplete, Defendant
21  may file a motion to compel in accordance with the federal and local rules within 14 days from the
22  meet and confer.

23        DATED: July 20, 2015

                                                              NANCY J. KOPPE
                                                            United States Magistrate Judge